UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CAROLINE BONNEN, et al.,

    Plaintiffs,

v.

POCONO WHITEWATER, LTD.,

    Defendant.

CIVIL ACTION NO. 3:20-cv-01532

(SAPORITO, M.J.)

# MEMORANDUM

This diversity action is before the court on the defendant's motion to dismiss the amended complaint under Fed. R. Civ. P. 12(b)(6) based on enforcement of a forum selection provision. (Doc. 15). The action arises out of an incident where the plaintiff's decedent died as a result of being thrown from a raft while whitewater rafting on the Lehigh River in Carbon County, Pennsylvania. For the reasons set forth herein, we will deny the motion.

## I.   Statement of Facts

On September 1, 2019, Christopher Santana was one of nine occupants in an eight-person raft, none of whom were guides, who were whitewater rafting on the Lehigh River in Jim Thorpe, Carbon County, Pennsylvania. After the raft hit a rock, Santana was thrown from the

raft into turbulent and rocky waters. His foot became lodged between rocks causing him to become submerged underwater, which resulted in his death by drowning. The plaintiff, Caroline Bonnen, individually and as Administratrix of the Estate of Christopher Santana, brings this wrongful death and survival action against the defendant, Pocono Whitewater, Ltd.

The defendant has filed a motion to dismiss (Doc. 15), seeking dismissal on the ground that a forum selection provision contained in a release of liability purportedly signed by the decedent sets the Court of Common Pleas of Carbon County as the appropriate and agreed-upon venue for any dispute "aris[ing] out of th[e] agreement or otherwise between the parties." (Doc. 14-5).

A review of the amended complaint reflects that the plaintiff did not plead whether the release of liability has any relevance to the incident. Rather, the plaintiff has pled that the defendant was negligent, grossly negligent, and reckless in its conduct in a variety of several itemized instances. (Doc. 9 ¶ 31). In her opposition papers, the plaintiff contends that the release of liability, which includes the forum selection clause contained therein, is invalid because the decedent did not execute

the release. (Doc. 20 *passim*; Doc. 21, at 3-5). The plaintiff maintains that it was she who signed the decedent's name, without authority to contract on behalf of the decedent. (*Id.*).

The motion has been fully briefed by the parties and is ripe for disposition. (Doc. 16; Doc. 21).

## II.   Legal Standard

Rule 12 (b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)). In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellab, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Although the Court must accept the fact allegations in the complaint as true, it is

not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegations." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevy*, 481 F.3d 187, 195 (3d Cir. 2007). Nor is it required to credit factual allegations contradicted by indisputably authentic documents on which the complaint relies or matters of public record of which we may take judicial notice. *In re Washington Mut. Inc.*, 741 Fed. App'x 88, 91 n.3 (3d Cir. 2018); *Sourovelis v. City of Philadelphia*, 246 F. Supp. 3d 1058, 1075 (E.D. Pa. 2017); *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588-89 (W.D. Pa. 2008).

### III. Discussion

Turning to the motion to dismiss based on enforcement of a forum selection provision under Fed. R. Civ. P. 12(b)(6), when the parties' agreement contains a valid forum selection clause designating a particular forum for settling disputes arising out of their contract, a Rule 12(b)(6) dismissal is a permissible means of enforcing that forum selection clause. *Salovaara v. Jackson Nat'l Life Ins. Co.*, 246 F.3d 289, 298 (3d Cir. 2001). *Podesta v. Hanzel*, 684 Fed. App'x 213, 216 (3d Cir. 2017); *see also Eureka Res., LLC v. Hoden Roots LLC*, ___ F. Supp. 3d. _

\_\_\_, 2021 WL 3545068, at * 1 & n.5 (M.D. Pa. Aug. 11, 2021).

Here, the plaintiff disputes the validity of the release containing a forum selection clause because it was allegedly signed in the decedent's name by his mother, the plaintiff, without authorization or consent by the decedent. Based on the factual allegations by the parties, we are unable to conclude that the decedent unambiguously manifested his assent to the forum selection clause, and thus we are unable to find that the forum selection clause is valid. *See Oak Street Printery LLC v. Fujifilm N. Am. Corp.*, 895 F. Supp. 2d 613, 619 (M.D. Pa. 2012). Because the validity of the form selection clause remains in doubt, the defendant's preferred forum—the Carbon County state courts—is not controlling. *See id.* Moreover, Pennsylvania law holds that such a release agreement cannot bind non-signatories. *See Valentino v. Philadelphia Triathlon, LLC*, 150 A.3d 483, 497 (Pa. Super. Ct. 2016) (noting that a statutory "wrongful death claimant possesses an independent, non-derivative right of action" that cannot be subjected to a forum selection clause, signed by the decedent, without the claimant's consent); *cf. Buttermore v. Aliquippa Hospital*, 561 A.2d 733, 736 (Pa. 1989)(holding that a wife's consortium claim was an independent cause of action, and thus not barred by a

settlement agreement to which she was not a signatory). Therefore, construing all well-pleaded facts as true, as we must, we are constrained to deny the motion to dismiss.

An appropriate order follows.

/s/ Joseph F. Saporito, Jr.<br>
JOSEPH F. SAPORITO, JR.<br>
U.S. Magistrate Judge

Dated: September 17, 2021